IN THE UNITED STATES FEDERAL COURT
NORTHERN DISTRICT, OHIO

| | |
|---|---|
| KEVIN CRONIN<br>*and*<br>CLEVELANDBIKES<br>*Plaintiffs,*<br><br>v.<br><br>THE OHIO DEPARTMENT OF<br>   TRANSPORTATION<br>*and*<br>U.S. DEPARTMENT OF TRANSPORTATION,<br>   FEDERAL HIGHWAY ADMINISTRATION,<br>   et al.<br>*Defendants.* | CASE NO. 09 CV 2699<br><br>JUDGE OLIVER<br><br>MAG. JUDGE<br>BAUGHMAN<br><br>BRIEF IN OPPOSITION<br>OPPOSITION TO<br>DEFENDANT OHIO<br>DEPARTMENT OF<br>TRANSPORTATION'S<br>MOTION FOR<br>SECOND EXTENSION |

Defendant ODOT was granted a first extension on December 11, 2009, an extension which plaintiffs did not oppose, a position communicated to ODOT counsel. Subsequently, a revised complaint was filed to add the Federal Highway Administration as a party, a requirement first broached by ODOT's counsel during the hearing on the temporary restraining order. To this day, ODOT has not provided any response to plaintiffs' assertion that cycling and pedestrian interests were dismissed without reason or discussion, contrary to federal transportation and environmental laws.

Defendant Ohio Department of Transportation's ("ODOT") motion for an additional extension to March 15th should be denied, as permitting the second extension would confer an unfair advantage that would be nearly impossible for plaintiffs to overcome. A procedural extension would confer a substantive advantage, allowing ODOT to succeed by "running out the clock" as ODOT is proceeding to solicit design contracts for the bridge project.

### A Second Extension Would Confer an Unfair Advantage

*It is axiomatic that an extension should not be provided to permit one party to gain a tactical advantage over another, however, that is precisely what an extension to March 15th would do.* Based on the current, public schedule, ODOT will announce the three design and engineering firms selected to develop options to design and build the innerbelt

1

bridge on March 23rd. The three engineer/design firms selected at this stage will proceed to develop engineering and design plans for the bridge, based on criteria provided by defendant ODOT. A second extension March 15th would allow ODOT to lock in the contractual outcome they want: the development of bridge designs that does not include cycling and pedestrian access through a multi-use path adjacent to the bridge traffic lanes. Instead, ODOT ask for design options for a cycling and pedestrian route cobbled together at the last minute, one that cyclists have criticized for imposing a circuitous route downtown and providing less safety and security.

Plaintiffs would be disadvantaged in their effort to obtain what more than thirty communities across the country have been able to build: a dedicated path separate and protected, but alongside the highway (see attachments, A, a path example, designed by Cleveland Urban Design Collaborative, Kent State University; and B, materials distributed to potential contractors at the ODOT February 9, 2009 contractor meeting).

***Plaintiffs Outstanding Request for Expedited Discovery:*** Plaintiffs have filed a Motion for Expedited Discovery, seeking to identify the basis for the ODOT decision to refuse to consider the interests of cyclists and pedestrians or explain their position in their Environmental Impact Statement and Draft Environmental Impact Statement. In public statements, ODOT officials indicated they obtained approval to exclude cycling and pedestrian access by a private, and unreleased, letters exchange between ODOT and FHWA. This ODOT/ FHWA letter exchange, apparently, *preceded* the public hearings or the submission of the Environmental Impact Statement and perhaps even preceding the submission of the Draft Environmental Impact Statement.

Though cyclists pressed for their position at the public hearings and were assured they would receive consideration, the ODOT/FHWA letters were never mentioned and, from ODOT's perspective, the issue had already been settled. The public hearings were a sham, devoid of any real and honest substantive value. As a result, FHWA's assertion that their Record of Decision is based on all relevant information is incorrect as cycling and pedestrian interests, conveyed at the public hearings, ***were never conveyed by ODOT to FHWA and never made part of the decision-making process.***

Defendants should be required to release the discovery documentation to allow plaintiffs to understand what, when and with the benefit of what cycling and pedestrian information, FHWA reviewed the ODOT application and issued its Record of Decision allowing Defendant ODOT to go ahead with its plans.

### Service Upon Defendant FHWA

Counsel to ODOT asserts service upon FHWA was in some way deficient, an issue not consistent with the record or the service to US Attorney Lisa Hammond Johnson, counsel to defendant FHWA, which was completed on January 6th by personal delivery to 801 West Superior Avenue, Cleveland, Ohio 44113, as requested by US Attorney Johnson.

*Conclusion:* ODOT's attorney is inaccurate in his assertion that there is no advantage gained through a second extension, as it would allow defendants to lock in place the contractual outcome ODOT wants: the exclusion of discussion, design and cost-estimating of a multi-use path on the proposed innerbelt bridge. ODOT would do so without ever having to explain or release the rational and data, for saying "no." ODOT should not be permitted to win through procedural extensions. Further, ODOT should be required to release any letter exchange between ODOT and FHWA which serves as a basis for ODOT's assertion that they had pre-approval to exclude cycling and pedestrian interests and comply with an expedited discovery schedule.

*[signature]*
KEVIN CRONIN, S. Ct. Reg. No. 0039891
Attorney for Plaintiffs
The Brown Hoist Building
4403 Saint Clair Avenue
Cleveland, Ohio 44103
216.377.0615
kevin.cronin.ohio@gmail.com

## SERVICE

A copy of the foregoing Plaintiffs' Brief In Opposition to Defendant ODOT's Second Motion for Extension was sent by regular U.S. mail on this 16th day of February, 2010 to Richard J. Makowski, Assistant Attorney General, Chief, Transportation Section, 150 East Gay Street, 22nd floor, Columbus, Ohio 43215(and by email to Richard.Makowski @ohioattorneygeneral.gov) and Lisa Hammond Johnson, counsel to defendant FHWA, Office of the US Attorney, 801 West Superior Avenue, Cleveland, Ohio 44113 (and by email to Lisa.Hammond.Johnson@usdoj.gov).

*[signature]*
Kevin Cronin, Attorney for Plaintiffs

3