IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Kevin Cronin, et al | : | Case No. 1:09CV2699 |
| | : | |
| Plaintiffs | : | Judge Solomon Oliver |
| | : | |
| vs. | : | (Magistrate Judge Baughman) |
| | : | |
| The Ohio Department of | : | Reply Memorandum in Support of State |
| Transportation, et al. | : | of Ohio Defendants' Second Motion for |
| | : | Extension of Time to File Responsive |
| Defendants. | : | Pleading |

**1.     Granting the State Defendants' Second Motion for Extension of Time would not confer an unfair advantage.**

**A.     Design for the project will not be completed until design/build proposals are submitted in August, 2010.**

Plaintiffs argue that a second extension of time until March 15 would create an unfair advantage because the Ohio Department of Transportation is in the process of seeking and reviewing statements of qualifications of potential design build teams who would then be invited to present technical and cost proposals for final design and construction of the Cleveland Innerbelt Bridge project. The date on which the design-build team candidates are determined is March 23, 2010[1]. Because ODOT is pursuing this project under a design-build contract, the final construction plans are not developed prior to solicitation of bids, but would be received from the eligible design-build teams. Thus, final construction design will not be completed before the contract award in

---

[1] All details concerning the design-build team selection process as well as the bidding process for award of the project contract are available to the public at an Internet website: http://www.dot.state.oh.us/projects/ClevelandUrbanCoreProjects/Innerbelt/CentralViaduct/Pages/default.aspx, from which any member of the public may access the project proposal which includes a statement of all planned submission deadlines as well as the planned date of opening and then award of the design-build contract.

September, 2010. An additional extension of time to allow ODOT to coordinate its responsive pleading with the federal government Defendants will not "allow ODOT to lock in the contractual outcome they want;" because the only step which ODOT will take between now and March 23 is to receive and evaluate statements of qualifications of interested design/build teams and then identify up to three design-build teams who would then be invited to submit detailed bid and technical design proposals later in the year.

### B. Service on the Federal Government Defendants

Contrary to their assertion, Plaintiffs will not be disadvantaged by this extension of time to the State Defendants. Nothing substantive will happen in this case until the Federal Government Defendants have been given the opportunity to appropriately respond to the Amended Complaint. Although that Complaint was filed on December 16, 2009, Plaintiffs have been in control of and responsible for appropriate service. Once service is appropriately completed, the sixty day response time runs.

The State Defendants have confirmed that the office of the US Attorney for the Northern District of Ohio did request that Plaintiffs deliver a copy of the summons and Amended Complaint to that office and that it was delivered on January 6, 2010. That fact of service would not be known to the general public or the State Defendants because Plaintiffs did not file a return of service to have that step noted in the docket of this case.

The earliest date when a responsive pleading from the federal government Defendants would be due is Monday, March 8, 2010[2]. Plaintiffs correctly state in their Amended Complaint that the FHWA and ODOT are "joint lead agencies" in the development and submission of necessary environmental impact documents. It is appropriate, then, that the State Defendants would consult

---

[2] The sixtieth day falls on Sunday, March 7, so the final date for filing is Monday, March 8.

2

and coordinate with the Federal Government Defendants in responding to the Amended Complaint. At the end of the day, if the State Defendants file a responsive pleading in coordination with the Federal Government Defendants, no prejudice will result to Plaintiffs in this case.

**C. Plaintiffs' filing of a motion for expedited discovery does not preclude the granting of an extension of time for filing a responsive pleading.**

Plaintiffs cite no legal authority whatsoever for their proposition that the filing of a motion for expedited discovery should in any way control the Court in its exercise of discretion in considering the State Defendants' request for additional time for filing their responsive pleading.

Nor should Plaintiffs' argument of merits of their claims—and of the correctness or incorrectness of the FHWA's issuance of a Record of Decision for the project- be at all persuasive in this narrow matter over an extension of time.

Moreover, Plaintiffs' self-serving publications in opposition to decisions of ODOT and/or the FHWA hold no relevance to the issue brought by the present motion. Neither is the fact that other communities in other parts of the county may have developed highway project plans which incorporate bicycle and pedestrian facilities relevant to the matter of an extension of time. Plaintiffs' attachment to their Brief in Opposition of publications of the Green City Blue Lake group explaining their position to include bicycle facilities on the bridge and listing other organizations or politicians who support their position certainly was not calculated to present any information relevant to the pending motion. Instead, it demonstrates Plaintiffs intention to distract the Court about the merits of the case and to prejudice the interests State Defendants.

**2.    Conclusion**

The State Defendants are confident that the Court will deal only with the narrow issue of whether an additional reasonable extension of time is merited to permit them to coordinate their

3

responsive pleading with the Federal Government Defendants whose response will be due by March 8, 2010 at the earliest.

                Respectfully submitted,

                Richard Cordray
                Attorney General of Ohio

                *s/* Richard J. Makowski
                Richard J. Makowski (O. S.Ct. Reg. # 0006892)
                Assistant Attorney General
                Chief, Transportation Section
                150 E. Gay Street, 22nd Fl.
                Columbus, OH 43215
                (614) 466-4656
                Fax: (614) 466-1756
                Email: richard.makowski@ohioattorneygeneral.gov

                Service

A copy of the foregoing Defendants' Reply Memorandum in Support of Motion for Extension of Time to File Answer or Pleading in Response to Amended Complaint was sent by regular U.S. mail to **Kevin Cronin, Plaintiff and Attorney for Plaintiff,** Brown Hoist Building, 4403 St. Clair Avenue, Cleveland, OH 44103, and by electronic mail to Kevin.cronin.ohio@gmail.com; and by electronic mail to Lisa Hammond Johnson, Assistant US Attorney, United State Courthouse, 801 West Superior Avenue, Cleveland, Ohio 44113, counsel for U.S. Department of Transportation, Federal Highway Administration and its Director, Victor Mendez, on this 23rd day of February, 2010.

                *s/* Richard J. Makowski
                Richard J. Makowski (O. S.Ct. Reg. # 0006892)
                Assistant Attorney General
                Chief, Transportation Section