## IN THE UNITED STATES FEDERAL COURT
## NORTHERN DISTRICT, OHIO

| | |
|---|---|
| **KEVIN CRONIN** *and* **CLEVELANDBIKES** *Plaintiffs,* | CASE NO. 09 CV 2699 |
| | JUDGE OLIVER |
| *v.* | MAGISTRATE JUDGE BAUGHMAN, JR. |
| **THE OHIO DEPARTMENT OF TRANSPORTATION** *and* **U.S. DEPARTMENT OF TRANSPORTATION, FEDERAL HIGHWAY ADMINISTRATION et al.** *Defendants.* | PLAINTIFFS' MOTION TO AMEND COMPLAINT |

Plaintiffs move this Court to amend the complaint, pursuant to Rule fifteen of the Federal Rules of Civil Procedure, to add an additional count based on the federal Administrative Procedure Act. Courts recognize that amending a complaint, while discretionary at this stage in the proceeding, should "be freely given when justice so requires." A Brief in Support of this Motion and the Amended Complaint, are attached and incorporated herein.

Respectfully submitted,

/s/ Kevin Cronin
_____
KEVIN CRONIN (S. Ct. Reg. No. 0039891)
*Attorney for Plaintiffs*
The Brown Hoist Building
4403 St. Clair Avenue
Cleveland, Ohio 44103-1125
*ph:* 216.377.0615; *f:* 216.881.3928
*e:* kevin@kevincronin.us

## SERVICE

A copy of the foregoing Plaintiffs' Motion to Amend the Complaint and Brief In support was sent by regular U.S. mail on this 20th day of April, 2010 to:

- Richard J. Makowski, Assistant Attorney General, Chief, Transportation Section, 150 East Gay Street, 22nd floor, Columbus, Ohio 43215(and by email to Richard.Makowski @ohioattorneygeneral.gov); and
- Lisa Hammond Johnson, counsel to defendant FHWA, Office of the US Attorney, 801 West Superior Avenue, Cleveland, Ohio 44113 (and by email to Lisa.Hammond. Johnson@usdoj.gov).

 

*[signature]*
_____
Kevin Cronin (S. Ct. No. 0039891),
*Attorney for Plaintiffs*

IN THE UNITED STATES FEDERAL COURT
NORTHERN DISTRICT, OHIO

| | |
|---|---|
| KEVIN CRONIN *and* CLEVELANDBIKES *Plaintiffs,* | CASE NO. 09 CV 2699 |
| | JUDGE OLIVER |
| v. | MAGISTRATE JUDGE BAUGHMAN, JR. |
| THE OHIO DEPARTMENT OF TRANSPORTATION *and* U.S. DEPARTMENT OF TRANSPORTATION, FEDERAL HIGHWAY ADMINISTRATION et al. *Defendants.* | PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO AMEND COMPLAINT |

**PLAINTIFFS SHOULD BE PERMITTED TO AMEND THE COMPLAINT AS FRCP RECOGNIZE THAT REQUESTS TO AMEND A COMPLAINT SHOULD BE "FREELY GIVEN WHEN JUSTICE SO REQUIRES."**

Plaintiffs move this Court to amend their complaint to add an additional count under the Administrative Procedure Act, pursuant to Rule 15 of the Federal Rules of Civil Procedure. The motion should be granted.

- Granting the motion will allow defendants and the Court to more accurately evaluate plaintiffs' substantive claims; and

- Defendants, having not yet answered the complaint, will not face a tactical disadvantage or procedural hardship as a result of granting the motion.

Rule 15 provides:

> **Rule 15. Amended and Supplemental Pleadings.**
> **(a) Amendments Before Trial.**
> (1) Amending as a Matter of Course.
> A party may amend its pleading once as a matter of course:
> (A) before being served with a responsive pleading; or
> (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.
> (2) Other Amendments.
> *In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.*
> **Federal Rules of Civil Procedure** *(emphasis added)*.

**Procedural Impact of Amending Complaint**

Plaintiffs filed a complaint against Defendants Ohio Department of Transportation ("ODOT") regarding the planning and construction process for a portion of Interstate-90 highway and bridge through Cleveland, Ohio. Following a judicial conference regarding the Motion for Injunctive Relief, in which defendant ODOT suggested the complaint was deficient in failing to address the role of the Federal Highway Administration ("FHWA"), the complaint was amended to add FHWA as an additional party defendant.

Ohio courts acknowledge a trial court has broad discretion to evaluate approval of a motion to amend a complaint and Rule 15(A) encourages broad latitude to amend a complaint:

> The language of Civ. R. 15(A) favors a liberal policy when the trial judge is confronted with a motion to amend a pleading beyond the time limit when such amendments are automatically allowed. "* * * Leave of court shall be freely given when justice so requires * * *," the rule states. This court's role is to determine whether the trial judge's decision was an abuse of discretion.
> **Wilmington Steel Products, Inc. v. Cleveland Electric Illuminating Co**, 60 Ohio St.3d 120, 121-22 (8th Dist., Ct. App. Cuyahoga Cnty., 1991).

The important issue is whether defendants have notice and are able to understand the nature of the claims asserted:

> A plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.
> **Taylor v. Wal-Mart Stores, Inc.**, No. 09-cv-0942-MJR-DGW (US. Dist. Ct., S.D., IL, 2010).

Federal courts embrace a similar framework for Rule 15, denying a motion offered to obtain procedural advantage to the defendant's detriment:

> A district court will normally give the plaintiff leave to file an amended complaint to determine if the shortcomings in the original document can be corrected. Third Circuit cases are clear that leave to amend should be refused "only on the grounds of bad faith, undue delay, prejudice, or futility." The court does not discern any inequitable conduct in this case, nor have defendants suggested it.
> **Barkes v. First Correctional Medical**, 040710 DEDC, 06-104-JJF-MPT (Dist. Ct. DE, 2010).

Also see:

> Fed. R. Civ. P. 15(a) provides that leave to amend "shall be freely given when justice so requires." (Emphasis added.) In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should, as the rules require, be freely given.
> **Burton v. Central States Transportation, Inc.**, No. 09-1024-EFM-DWB (US. Dist. Ct. KS, 2010).

A plaintiff is not required to prove the complaint or fully establish the likelihood of recovery, but meets their obligations by establishing a reasonable expectation that discovery can produce the evidence to support the claim:

> In applying these general standards to a §1 claim, we hold that stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made. Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and "that a recovery is very remote and unlikely."
> **Bell Atlantic Corp. v.Twombly**, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Also See, **Bell Atlantic Corp. v.Twombly**, 550 U.S. 544, 563 n. 8 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ("when a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder").

The Eighth District Court of Appeals of Ohio went further to indicate the Court's concerns would be whether a party was misusing the liberal application of Rule 15 to manipulate or disadvantage a party:

> On appeal, both sides rely on the test contained in Solowitch v. Bennett (1982), 8 Ohio App. 3D 115, 117, 8 OBR 169, 172, 456 N.E. 2d 562, 564-565, that "there must be at least a prima facie showing that the movant can marshal support for the new matters sought to be pleaded, and that the amendment is not simply a delaying tactic, nor one which would cause prejudice to the defendant.
> **Wilmington Steel Products, Inc. v. Cleveland Electric Illuminating Co.**, 60 Ohio St.3d 120, 122 (8th Dist., Ct. App. Cuyahoga Cnty., 1991).

The trial court's discretion will not be overturned by a Court of Appeals, unless the Trial Court decision was an abuse of discretion, reflecting unreasonable, arbitrary or unconscionable conduct:

> It is well established that a trial court's determination whether to grant a motion for leave to amend a complaint will not be reversed on appeal absent an abuse of discretion. Wilmington Steel Products, Inc. v. Cleveland Elec. Illum. Co. (1991), 60 Ohio St.3d 120, 1229 573 N.E.2d 622, 624-625; Easterling v. Am. Olean Tile Co., Inc. (1991), 75 Ohio App.3d 846, 850, 600 N.E.2d 1088, 1090-1091; Fish v. Coffey (1986), 33 Ohio App.3d 129, 132, 514 N.E.2d 896, 899. To demonstrate an abuse of discretion, Csejpes must demonstrate more than an error of law and that the trial court's denial of her motion was unreasonable, arbitrary or unconscionable.
> **Csejpes v. Cleveland Catholic Diocese**, 109 Ohio App.3d 533, 541-42 (Ct. App., Eighth District, Cuyahoga Cnty., 1996).

**Substantive Impact of Amending the Complaint**

Plaintiffs wish to amend the complaint to add a single count based on violations of the Administrative Procedure Act. The plaintiffs do not allege new, deficient conduct of defendants; only assert the additional vehicle for seeking redress. Plaintiffs acknowledge there is relevant case law that indicates environmental challenges to agency action should be reviewed as violations of the Administrative Procedure Act (for instance, see **City of Sausalito v. O'Neill**, 211 F.Supp.2d 1175, 1191 (N.D.Cal. 2002) or **Greater Yellowstone Coalition v. Kempthorne**, 091508 DCDC, 07-2112.)

The goal of the administrative review is to ensure that the decision-maker had sufficient information for informed decision-making, the 'touchstone for the court's inquiry," **City of**

**Sausalito v. O'Neill**, 211 F.Supp.2d 1175, 1192 (N.D.Cal. 2002), as well as engage the public in meaningful ways:

> In making this determination, a court must make a " 'pragmatic judgment whether the environmental impact statement's form, content, and preparation foster both informed decision-making and informed public participation.'
> **City of Sausalito v. O'Neill**, 211 F.Supp.2d 1175, 1191 (N.D.Cal. 2002).

A challenge to agency conduct under the APA is a review of the consequences flowing from the administrative decision. While the agency identifies areas of review, merely identifying and dispatching issues is insufficient in meeting its obligations under the law. Ultimately, the adequacy of the agency action needs to be reviewed to understand whether a framework was created to fully evaluate relevant concerns:

> The range of alternatives that is deemed reasonable derives from the environmental impact statement's Purpose and Need section, which defines "the underlying purpose and need to which the agency is responding in proposing the alternatives including the proposed action." 40 C.F.R. § 1502.13; *see also City of Carmel,* 123 F.3d at 1155 ("The stated goal of a project necessarily dictates the range of reasonable alternatives and an agency cannot define its objectives in unreasonably narrow terms.").
> **City of Sausalito v. O'Neill**, 211 F.Supp.2d 1175, 1192 (N.D.Cal. 2002).

Later, the California District Court elaborated:

> There is no magic number of alternatives that must be considered; all that is required is the agency consider all alternatives reasonably related to the purposes of the project. *Laguna Greenbelt,* 42 F.3d at 524.
> **City of Sausalito v. O'Neill**, 211 F.Supp.2d 1175, 1193 (N.D.Cal. 2002).

Plaintiffs proposed amendment is merely an alternate way, under the Administrative Procedure Act, to address the same deficiencies of federal environmental and transportation laws alleged in

the current counts one and two. Plaintiffs should be permitted to amend their complaint to add the APA claim.

**Conclusion:** The complaint modification, to permit a count under the Administrative Procedure Act, is warranted and imposes upon defendants no new issues or exposure, tactical hardship or disadvantage. The very same environmental and transportation conduct will be evaluated. Under the circumstances, permitting the modification of the complaint is a fair way to address the issues in dispute. The amended complaint should be accepted.

Respectfully submitted,

KEVIN CRONIN (S. Ct. Reg. No. 0039891)
*Attorney for Plaintiffs*
The Brown Hoist Building
4403 St. Clair Avenue
Cleveland, Ohio 44103-1125
ph: 216.377.0615; f: 216.881.3928
e: kevin@kevincronin.us

## SERVICE

A copy of the foregoing Plaintiffs' Motion to Amend Complaint and Brief In Support was sent by regular U.S. mail on this 20th day of April, 2010 to:
- Richard J. Makowski, Assistant Attorney General, Chief, Transportation Section, 150 East Gay Street, 22nd floor, Columbus, Ohio 43215 (and by email to Richard.Makowski @ohioattorneygeneral.gov); and
- Lisa Hammond Johnson, counsel to defendant FHWA, Office of the US Attorney, 801 West Superior Avenue, Cleveland, Ohio 44113 (and by email to Lisa.Hammond. Johnson@usdoj.gov).

Kevin Cronin (S. Ct. No. 0039891),
*Attorney for Plaintiffs*