IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Kevin Cronin, et al | : | Case No. 1:09CV2699 |
| | : | |
| Plaintiffs | : | Judge Solomon Oliver |
| | : | |
| vs. | : | (Magistrate Judge Baughman) |
| | : | |
| The Ohio Department of | : | Joint Reply Brief in Support of |
| Transportation, et al. | : | All Defendants' Motions to Dismiss |
| | : | Second Amended Complaint |
| Defendants. | : | |

## I. INTRODUCTION

Plaintiffs' initial complaint against only the State Defendants, the Ohio Department of Transportation ("ODOT") and Jolene M. Molitoris, ODOT Director (collectively "ODOT"), asserted that ODOT failed to properly evaluate cycling and pedestrian concerns in an Environmental Impact Statement ("EIS") concerning a project to rehabilitate the highway system in and around Cleveland (the "Innerbelt Project") [Dkt. No. 1]. When the State Defendants brought to Plaintiffs' attention during a conference call on their unsuccessful motion for temporary restraining order [Dkt. No.5] the vulnerability of the Complaint to dismissal for failure to join necessary federal parties because the challenges involved a final action of the Federal Highway Administration in issuing a Record of Decision ("ROD") approving a specific alternative plan for further development and implementation, Plaintiffs filed a First Amended Complaint [Dkt. No. 10]. In that Complaint, Plaintiffs merely named the U.S. Department of Transportation ("USDOT"), Federal Highway Administration ("FHWA"), and FHWA Administrator Victor Mendez (collectively "FHWA") as additional Defendants and repeated the same allegations of their initial complaint.

2

When the State Defendants and the Federal Defendants filed separate Motions to Dismiss demonstrating that the First Amended Complaint failed to properly allege jurisdiction under federal transportation and environmental statutes [Dkt. Nos. 21 and 22], Plaintiffs filed briefs in opposition [Dkt. Nos. 26 and 27], but also sought leave to file a second amended complaint to present a claim seeking judicial review of the environmental determinations on the project under the Federal Administrative Procedures Act [Dkt. Nos. 28 and 32]. Despite being afforded three bites at the apple, Plaintiffs' second amended complaint still does not address substantial shortcomings demonstrated in the earlier motions to dismiss and fails to state a plausible APA claim on its face. Plaintiffs' opposition to ODOT's and FHWA's motions to dismiss the second amended complaint ignores nearly all of ODOT's and FHWA's arguments in their motions to dismiss and cannot rescue the fatal errors in the second amended complaint[1].

Plaintiffs are the master of their own case. It is their responsibility to properly marshal the facts and allegations necessary to sustain a claim in U.S. federal court. They have not done so. Accordingly, their suit against Defendants should be dismissed with prejudice in its entirety.

## II. ARGUMENT

**A. PLAINTIFFS' BRIEF IN OPPOSITION FAILS TO REBUT VIRTUALLY ANY ARGUMENTS RAISED IN ODOT'S MOTION TO DISMISS**

   **1. Plaintiffs Fail to Cite Proper Standards for Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim**

ODOT and FHWA moved to dismiss Plaintiffs' second amended complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and as to Count Three,

---

[1] Although the matters raised by Defendants' motions all involve legal issues directed to the second amended complaint, Plaintiffs oppose the motions by mixing legal argument with facts outside of the pleadings by attaching various unidentified and unauthenticated articles and documents and even an affidavit about a survey of bicycle use of another Cleveland bridge. None of these evidentiary materials hold any relevance to the legal issues raised by the motions and should be stricken as immaterial pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

2

the attempted Administrative Procedure Act claim, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *See* State Defendants' Motion to Dismiss Second Amended Complaint [Dkt. No. 37];  Federal Defendants' Motion To Dismiss Second Amended Complaint [Docket No. 36].  In its supporting brief, ODOT noted the proper standards for the Court's review of motions under both of these provisions, as did FHWA.  *See* Memorandum in Support of State Defendants' Motion to Dismiss Second Amended Complaint ("ODOT's Mot. to Dismiss Br.") [Dkt. No. 37-1], at 3-4; Memorandum In Support Of Federal Defendants' Motion To Dismiss ("FHWA's Mem. In Support.") [Docket No. 36-1], at 4-6.

Plaintiffs' opposition brief fails to address at any point the proper standard governing judicial review of a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).  *See* Pls.' Opp. Br. [Dkt. No. 38].  As a result, Plaintiffs do not dispute that they hold the burden to affirmatively establish the Court's subject matter jurisdiction to hear their claims.  *See* ODOT's Mot. to Dismiss Br., at 3 (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990), and at 5 (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside th[e] [federal courts'] limited jurisdiction, . . ., and the burden of establishing the contrary rests upon the party asserting jurisdiction.").

Plaintiffs' opposition brief also fails to cite the proper standard governing judicial review of a motion to dismiss for failure to state a claim under Rule 12(b)(6), presenting a narrow, literal reading of the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 544, 561 (1957) ..*See* Pls.' Opp. Br. at 3.  However, the United States Supreme Court has discredited such an outdated reading of *Conley* and Fed. Civ. Rule 8 pleading standard in two recent cases.

In *Bell v. Twombly*, 550 U.S. 544 (2007), the Supreme Court held that, in an anti-trust claim under Section 1 of the Sherman Act, a plaintiff must allege sufficient facts in a complaint to show

3

that its claims are plausible. *See id.* at 555-560. In so holding, the *Twombly* Court noted that a literal reading of *Conley*'s "no set of facts" language would allow "a wholly conclusory statement of claim to survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Id.* at 561. The Supreme Court noted that this interpretation of *Conley* was not proper and that the "no set of facts" language "has earned its retirement." *Id.* at 563.

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court held that the plausibility standard it set forth in *Twombly* applies to all federal civil actions. *See id.* at 1953. The *Iqbal* Court noted further that while a court must accept all well-pleaded factual allegations as true, it need not "accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949-50 (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels or conclusions' or 'a formulaic recitation of elements of a cause of action will not do.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555).

Plaintiffs' opposition brief fails to acknowledge the Supreme Court's more recent articulation of the proper standard governing a motion to dismiss for lack of subject matter jurisdiction. In light of the Supreme Court's opinions in *Twombly* and *Iqbal*, the old *Conley* pleading standard cited by Plaintiffs must be rejected.[2]

---

[2] Plaintiffs devote a portion of their opposition brief to describing the generally accepted standard of review for an APA claim. *See* Pls.' Opp. Br. at 6-8. This discussion does not address in any manner Plaintiffs' failure to plead correctly an APA claim in Count III of the second amended complaint. Any discussion of the standard of review on the merits of an APA claim is irrelevant, as the merits of Plaintiffs' claims have yet to be joined. Similarly, Plaintiffs devote a large portion of their opposition brief to defending their standing to bring suit. *See id.* at 8-11. Neither ODOT nor FHWA has challenged Plaintiffs' standing at this point in the litigation. Thus, Defendants need not address in this brief Plaintiffs' arguments on this issue.

### 2. Plaintiffs' Brief in Opposition Fails to Rebut ODOT's Motion to Dismiss Their Count I Claims

Count I of Plaintiffs' second amended complaint alleges a cause of action under biking and pedestrian-related provisions under federal highways law 23 U.S.C. §§ 217(e), (g), FHWA regulations 23 C.F.R. §§ 450.300, 652.5, and a non-binding 2008 US DOT policy statement on integrating cycling and walking into transportation infrastructure. *See* Second Amended Complaint ¶¶ 9-12 [Dkt. No. 28-1]. ODOT and FHWA demonstrated in their supporting briefs that the Court lacks jurisdiction to hear Plaintiffs' claims under these provisions. *See* ODOT's Mot. to Dismiss Br., at 4-5; *see also* State Defendants' Motion to Dismiss [First Amended] Complaint and Memorandum in Support [Dkt. No. 22], at 5-10; FHWA's Mem. In Support, at 8-9.

In opposing Defendants' motions, Plaintiffs fails to address Defendants' specific arguments on why the Court lacks jurisdiction to hear Plaintiffs' claims under the federal transportation provisions cited in Count I. First, ODOT and FHWA argued that there is no cause of action, and thus no jurisdiction, under the 2008 US DOT cycling and walking infrastructure policy statement. *See* ODOT's Mot. to Dismiss Br. at 6-7 (citing *Lundeen v. Mineta*, 291 F.3d 300, 313 (5th Cir. 2002)); FHWA's Mem. In Support, at 8-9. Plaintiffs do not dispute, and thus concede, this argument in their opposition brief.

Second, ODOT argued that neither 23 U.S.C. § 217(e) nor 23 U.S.C. § 217(g) provides an express or implied cause of action to challenge federal highway planning or design. *See* ODOT's Mot. to Dismiss Br. at 7-10 (noting a lack of express judicial review provision under 23 U.S.C. §§ 217(e), (g), and demonstrating a lack of implied right of action under the *Cort v. Ash* analysis). In support of its argument, ODOT and FHWA cited the Fifth Circuit's decision in *Lundeen*, where the appeals court carefully considered whether a private right of action exists under 23 U.S.C. §§ 217(e), (g) and concluded that the statutory text and structure, as well as the legislative history, did not

support a private right of action, whether express or implied. *See id.* at 9-10; *see also Lundeen*, 291 F.3d at 305-313.

Once again, Plaintiffs failed to address these arguments with respect to 23 U.S.C. §§ 217(e), (g) in their opposition brief. Without addressing 23 U.S.C. §§ 217(e), (g) specifically, Plaintiffs state that ODOT cited *Lundeen* "to establish the framework for evaluating a private right of action." Pls.' Opp. Br. at 11. Plaintiffs attempt to distinguish *Lundeen* not by citing counter legal opinion, but by suggesting that the private-right-of-action analysis in *Lundeen*, which concerned a lawsuit filed by a single cyclist against transportation agencies, would somehow be different if a court considered a suit filed not just by a single plaintiff but by a non-profit organization such as Plaintiff ClevelandBikes. *See id.* at 11-12. The distinction has no logical basis as the *Lundeen* analysis is purely legal and applies equally to a single cyclist plaintiff as to a cyclist interest group. Plaintiffs offer no legal support for their distinction, and their argument should be rejected. Plaintiffs do not further address Defendants' arguments with respect to Plaintiffs' claims under 23 U.S.C. §§ 217(e), (g).

ODOT's and FHWA's third and final argument for dismissal of Count I notes that Plaintiffs' claims under US DOT regulations 23 C.F.R. §§ 450.300 and 652.5 fail because those regulatory provisions do not provide a private right of action. *See* ODOT's Mot. to Dismiss Br. at 10; FHWA's Mem. In Support, at 8-9. Plaintiffs offer no rebuttal to this argument in their opposition brief, and their claims under these regulatory provisions should be dismissed along with the entirety of their claims under Count I.

### 3  Plaintiffs' Brief in Opposition Fails To Rebut Defendants' Motions to Dismiss Their Count II Claim

In Count II, Plaintiffs asserted claims challenging Defendants' analysis of the Cleveland Innerbelt Project under NEPA Sections 101(b) and 102(2)(D). Plaintiffs cited no other jurisdictional basis for their NEPA claims. *See* Second Am. Compl. ¶¶ 13-17 [Dkt. No. 28-1].

6

ODOT and FHWA moved to dismiss Count II on the ground that NEPA itself provides no private right of action. *See* ODOT's Mot. to Dismiss Br. at 4-5 (incorporating by reference State Defendants' Motion to Dismiss [First Amended] Complaint and Supporting Memorandum [Dkt. No. 22] at 10-11, and citing abundant Sixth Circuit case law supporting the lack of a private right of action under NEPA); FHWA's Mem. In Support, at 9-10.

Plaintiffs' opposition brief fails to directly address Defendants' arguments in support of dismissal of Count II. Plaintiffs cite no case law disputing the well-established judicial position that NEPA provides no private right of action. Rather, Plaintiffs attempt to argue that an implied right of action exists under NEPA. *See* Pls.' Opp. Br. at 12-16. Plaintiffs offer no case law in support of this argument, and Defendants have not found any. For these reasons, Count II should be dismissed.

4. **Plaintiffs Fail to Address Defendants' Motions to Dismiss Count III, Requiring Dismissal of That Count**

In Count III, Plaintiffs seemingly attempt to allege a claim under the Administrative Procedure Act ("APA"). ODOT moved to dismiss Count III for lack of subject matter jurisdiction and for failure to state a claim. *See* ODOT's Mot. to Dismiss Br. at 5-12. FHWA did the same. FHWA's Mem. In Support, at 12-13. With respect to jurisdiction, Plaintiffs failed to identify any jurisdictional basis for a claim under the APA in their second amended complaint. *See id.* at 5-8. With respect to stating a claim, Plaintiffs' second amended complaint consists primarily of mere legal conclusions and contains insufficient factual allegations to support a plausible claim on its face. *See id.* at 8-12. Given the opportunity to respond in their opposition brief, Plaintiffs instead chose not to address ODOT's and FHWA's arguments with respect to Count III. With briefing now complete, dismissal of Count III is warranted for the reasons set forth in Defendants' briefs.

5. **Plaintiffs Fail to Address ODOT's Motion to Dismiss Their Damages Claims Pursuant to the Eleventh Amendment to the U.S. Constitution**

In their prayer for relief, Plaintiffs seek money damages against Defendants in all three counts. ODOT argued that such a remedy is barred by the Eleventh Amendment to the U.S. Constitution. *See* ODOT's Mot. to Dismiss Br. at 12-13. Plaintiffs' opposition brief does not address ODOT's argument on this issue. Accordingly, Plaintiffs' prayer for money damages should be dismissed.

6. **Plaintiffs Fail To Address FHWA's Motion To Dismiss Their Damages Claims Pursuant To The APA.**

Finally, Plaintiffs failed to address FHWA's argument that the APA bars their claims for money damages. FHWA's Mem. In Support., at 11. Plaintiffs have, therefore, conceded this issue, and their claims for money damages against FHWA should be dismissed.

## IV. CONCLUSION

The jurisdictional and other issues raised by ODOT and FHWA have now been briefed on multiple occasions. After filing three complaints in this case Plaintiffs still have not satisfied Federal Rule of Civil Procedure 12 and have not properly asserted claims to challenge the Innerbelt EIS over which this Court holds jurisdiction. For all of the reasons stated above and in ODOT's and FHWA's briefing in support of its motion to dismiss, all Defendants respectfully request the Court to dismiss Plaintiffs' second amended complaint with prejudice.

Respectfully submitted,

Richard Cordray
Attorney General of Ohio

     *s/* Richard J. Makowski
Richard J. Makowski (O. S.Ct. Reg. # 0006892)
Assistant Attorney General
Chief, Transportation Section
150 E. Gay Street, 22nd Fl.

        Columbus, OH 43215
        (614) 466-4656
        Fax: (614) 466-1756
        Email: richard.makowski@ohioattorneygeneral.gov
        Counsel for State Defendants

        Steven M. Dettelbach
        United States Attorney

        s/Lisa Hammond Johnson
        Lisa Hammond Johnson (O.S.Ct. Reg. # 0061681)
        Assistant U.S. Attorney
        Carl B. Stokes United States Court House
        801 West Superior Avenue, Suite 400
        Cleveland, Ohio 44113-1852
        (216) 622-3679
        Fax: (216) 522-4982
        Email: lisa.hammond.johnson@usdoj.gov
        Counsel for Federal Defendants

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(f)

Pursuant to Local Rule 7.1(f), the undersigned counsel certifies that the foregoing **Reply Brief in Support of Motion to Dismiss Second Amended Complaint** is eight (8) pages in length and within the limitations on unassigned matters or matters assigned to a standard track.

        *s*/ Richard J. Makowski
        Richard J. Makowski (O. S.Ct. Reg. # 0006892)
        Assistant Attorney General
        Chief, Transportation Section

**Service**

I hereby certify that on this 23rd day of July, 2010, a copy of the foregoing Joint Reply Brief In Support of All Defendants' Motions To Dismiss Second Amended Complaint was filed electronically and sent by regular U.S. mail to **Kevin Cronin, Plaintiff and Attorney for Plaintiff,** Brown Hoist Building, 4403 St. Clair Avenue, Cleveland, OH 44103, and by electronic mail to Kevin.cronin.ohio@gmail.com. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                *s/* Richard J. Makowski
                                               Richard J. Makowski (O. S.Ct. Reg. # 0006892)
                                               Assistant Attorney General
                                               Chief, Transportation Section