## IN THE UNITED STATES FEDERAL COURT
## NORTHERN DISTRICT, OHIO

|  |  |
|---|---|
| KEVIN CRONIN | |
| and | CASE NO. 09 CV 2699 |
| CLEVELANDBIKES<br>*a 501 (C)(3) not for profit organization<br>organized under the laws of Ohio*<br>*plaintiffs,* | JUDGE SOLOMON OLIVER, JR.<br><br>MAGISTRATE JUDGE<br>BAUGHMAN |
| *v.* | |
| THE OHIO DEPARTMENT OF<br>TRANSPORTATION | APPLICATION FOR<br>TEMPORARY RESRAINING<br>ORDER AND PRELIMINARY<br>INJUNCTION |
| and | |
| THE U.S. DEPARTMENT OF<br>TRANSPORTATION, FEDERAL<br>HIGHWAY ADMINISTRATION<br>*defendants.* | |

## BACKGROUND

Plaintiffs seek an order issuing a Temporary Restraining Order and Preliminary Injunction to prohibit the Ohio Department of Transportation ("ODOT") and Unites States Department of Transportation, Federal Highway Administration ("FHWA"), from proceeding with the highway redesign, repair and reconstruction project (the Cleveland "Innerbelt Project").

In 2009, an application for a restraining order was denied, citing a lack of urgency to the potential harm as no bridge construction contracts had been accepted, but acknowledged subsequent developments could warrant review. The application for injunctive relief is re-initiated at this time as Defendant ODOT has issued a decision accepting one of the design

1

proposals, awarding a contract for the bridge construction (see attached ODOT press release of September 9, 2010). Under the terms of the contracting process ODOT, with its federal partner FHWA can proceed with 30% of the design in place. *Injunctive relief is extraordinarily timely as the 30% design stage presents opportunity to remedy the plan to incorporate pedestrian and cycling access with a dedicated walking/cycling path.*

In response to public pressure, Defendant ODOT amended their initial contracting proposals to permit the bridge designers to submit "Alternative Technical Concepts" ("ATC"), shifting the burden to the designer/contractors rather than the state, under its federal law obligations. ATCs are generally reserved for design suggestions, which are technically outside the bid instructions, but a contractor wishes to propose to save taxpayers money or further the goals in another way. Given the scope of the contract and the absence of any specificity regarding a bicycle/pedestrian facility, asking for designers to propose multi-use paths is *akin to asking a designer to place a high stakes bet* on developing a bicycle/pedestrian path. It should come as no surprise that no potential bidder took that gamble and proposed a path *on their own*. ODOT's contact parameters generated no multi-use path designs because the ODOT plan was never intended to generate these ideas.

Defendant ODOT has misused the public involvement requirements of the EIS process to avoid, not encourage, public participation and evaluation of the idea of bicycle/pedestrian facilities on the innerbelt bridge. *Without a clear ODOT request for bicycle/ pedestrian facility on the innerbelt bridge, with guidance through specific terms, none of the three contractors were ever going to buck the system with hundreds of millions of dollars riding on the outcome, to invest the time and money needed to develop a winning bicycle/pedestrian plan.*

Plaintiffs assert Defendant ODOT is required to solicit public input regarding cycling and walking, review and evaluate a range of planning ideas and the failure to do so renders this ODOT/FHWA process an inadequate basis for proceeding. The issuance of bridge design contracts, without evaluation of plaintiffs' position and whether a multi-use path should be incorporated into the bridge design, will substantially undermine plaintiffs' rights and interests,

make it more difficult to unwind the project to incorporate a multi-use path and substantially increase the cost when plaintiffs prevail.

## **INJUNCTIVE RELIEF**

A Temporary Restraining Order and Preliminary Injunction should issue as ODOT has not met its obligations under federal transportation, environmental and administrative procedure law and will deprive plaintiffs and other city residents of remedies if allowed to proceed with its innerbelt project and issue design contracts.

ODOT's actions compel the issuance of injunctive relief, given the standards identified by the laws and court of Ohio, which weigh:
1. The likelihood or probability of plaintiff's success on the merits;
2. Whether the issuance of the order will prevent irreparable harm to the plaintiff;
3. What injury to others will be caused by the granting of the order; and
4. Whether the public interest will be served by the granting of the order.

**Cleveland v. Cleveland Elec. Illum. Co.**, 115 Ohio App.3d 1, 14, 684 N.E.2d 343 (Eighth Dist. Ct. App., Cuyahoga Cnty., 1996).

Federal Court has also enunciated the basic principal:

> To prevail on a motion for preliminary injunctive relief, Whirlpool must demonstrate (1) that it will be immediately and irreparably injured; (2) that there is a likelihood of success on the merits; (3) that the public interest would be better served by the relief requested; and (4) that the balance of hardship on all the parties favors the petitioner.
> **Zenith Radio Corp. v. United States**, 710 F.2d 806, 809 (Fed.Cir.1983).

Defendant ODOT has created a plan harmful to the health and safety of Northeast Ohio cyclists, pedestrians and other Cleveland residents, without discharging its obligations under federal transportation, environmental or administrative laws. Defendant ODOT's documents submitted to defendant FHWA did not demonstrate consideration of a pedestrian/cyclist perspective, as it was obligated to do, and is now poised to issue design contracts for the largest highway project in state history, ***locking its flawed plan in place for the next fifty years***. Allowing ODOT to proceed will compound the cost for taxpayers, create additional impediments and forfeit federal funding

3

opportunities and forfeit time in crafting a successful plan which complies with its obligations under the law and the needs of Cleveland residents.

Respectfully submitted,

*(signature)*
Kevin Cronin, S. Ct. # 0039891
The Brown Hoist Building
4403 Saint Clair Avenue
Cleveland, Ohio 44103
*E:* kevin@kevincronin.us
*Ph.* 216 377 0615
*Fx.* 216 881 3928

## SERVICE

A copy of the foregoing Motion for Temporary Restraining Order and Preliminary Injunction and Memorandum in Support were sent, regular US mail on this 13 th day of September, 2010 to:

Richard J. Makowski, Assistant Attorney General, Chief, Transportation Section, 150 East Gay Street, 22nd floor, Columbus, Ohio 43215(and by email to Richard.Makowski@ohioattorneygeneral.gov); and

Lisa Hammond Johnson, counsel to defendant FHWA, Office of the US Attorney, 801 West Superior Avenue, Cleveland, Ohio 44113 (and by email to Lisa.Hammond.Johnson@usdoj.gov).

*(signature)*
Kevin Cronin